UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| KARL CALEB BRYANT | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| MEHMET TORBALI, HAKAY | § | |
| TRANSPORT, LLC, C&C CAR-GO PLUS, | § | |
| INC., AND AAA CAR GO PLUS, INC. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, Karl Bryant, files this action against Defendants Mehemt Torbali, Hakay Transport, LLC, C&C Car-Go Plus, Inc. and AAA Car Go Plus, Inc. and in support thereof would respectfully show the Court as follows:

### I. NATURE OF THE CASE

1.     Plaintiff and Defendant Torbali were involved in a serious collision in Orange County, Texas while Defendant Torbali was transporting a vehicle.  This suit is against the driver, Torbali, and his employers and/or agents, Hakay Transport, LLC, C&C Car-Go Plus, Inc. and AAA Car Go Plus, Inc.

### II. PARTIES

2.     Plaintiff, Karl Bryant, is an individual and citizen of Texas.  Mr. Bryant lives in Beaumont, Texas.

3.     Defendant, Mehmet Torbali, is an individual residing in Maryland and doing business in Texas.  Defendant Torbali is domiciled in Baltimore County, Maryland.  His address is 21 Cedar Drive, Apt A, Baltimore, Maryland 21220-3465.  This action arises from Torbali's operation of a motor vehicle in Texas.  Therefore, Torbali may be served by delivering a copy of this complaint

and summons to the Chairman of the Texas Transportation Commission, J. Bruce Bugg, Jr., at 125 E. 11th Street, Austin, Texas 78701. *See* Tex. Civ. Prac. & Rem. Code § 17.062.

4.     Defendant, Hakay Transport, LLC, is a foreign limited liability company doing business in the State of Texas and registered with its principal place of business in New Jersey. Hakay Transport, LLC can be served through its principal and registered agent, Hakan Hanegelioglu at Hakay's principal place of business located at 61 Gionti Place, North Haledon, NJ 07508. Additionally, Defendant Hakay Transport, LLC is a nonresident entity that engages in business in Texas but does not maintain a place of business in Texas or have a designated agent for service of process. Therefore, Defendant Hakay Transport, LLC may be served by and through the long arm statute by delivering a copy of this complaint and summons to the Texas Secretary of State at P.O. Box 12079, Austin, Texas 78711. *See* Tex. Civ. Prac. & Rem. Code § 17.044(b).

5.     Defendant C&C Car-Go Plus, Inc. is a foreign corporation doing business in the State of Texas. C&C Car Go Plus, Inc. may be served through its President and registered agent Noel Carter, located at 3120 NW 88th Ave., Apt. 307, Sunrise, FL 33351. Additionally, Defendant C&C Car-Go Plus, Inc. is a nonresident entity that engages in business in Texas but does not maintain a place of business in Texas or have a designated agent for service of process. Therefore, Defendant Car-Go Plus, Inc. may be served by and through the long arm statute by delivering a copy of this complaint and summons to the Texas Secretary of State at P.O. Box 12079, Austin, Texas 78711. *See* Tex. Civ. Prac. & Rem. Code § 17.044(b).

6.     AAA Car Go Plus, Inc. is a foreign corporation doing business in the State of Texas. AAA Car Go Plus, Inc. may be served through President and registered agent Noel Carter, located at 3120 NW 88th Ave., Apt. 307, Sunrise, FL 33351. Additionally, Defendant AAA Car Go Plus, Inc. is a nonresident entity that engages in business in Texas but does not maintain a place of

business in Texas or have a designated agent for service of process. Therefore, Defendant AAA Car Go Plus, Inc. may be served by and through the long arm statute by delivering a copy of this complaint and summons to the Texas Secretary of State at P.O. Box 12079, Austin, Texas 78711. *See* Tex. Civ. Prac. & Rem. Code § 17.044(b).

### III. JURISDICTION

7. The Court has subject matter jurisdiction of this action under 28 U.S.C. § 1332. There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

8. The Court has personal jurisdiction over Defendant Hakay Transport, LLC because it routinely and regularly transacts business in Texas by transporting motor vehicles all over the state. Moreover, this action arises out of a wreck that occurred while Defendants were transporting a motor vehicle in Orange County, Texas giving rise to specific personal jurisdiction.

9. This Court has personal jurisdiction over C&C Car-Go Plus, Inc. and AAA Car Go Plus, Inc. because these Defendants routinely and regularly transact business in Texas by engaging in the facilitation of transport, or hauling and transport, of motor vehicles all over the state. Moreover, this action arises out of a wreck that occurred while Defendants were transporting a motor vehicle in Orange County, Texas, giving rise to personal jurisdiction.

### IV. VENUE

10. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial portion of the acts, events, or omissions giving rise to this claim occurred in Orange County, Texas, which falls within the United District Court for the Eastern District of Texas, Beaumont Division.

### V. CONDITIONS PRECEDENT

11. All conditions precedent has been performed or have occurred.

## VI. FACTUAL BACKGROUND

12. On or about January 24, 2022, Plaintiff was traveling northbound on FM 1132 in Vidor, Texas. Defendant Torbali was traveling southbound on FM 1132 in a tractor and low boy trailer hauling a 2012 Chevrolet Camero he was transporting for delivery.

13. Both parties were approaching the intersection of FM 1132 and Tram Road from opposite directions, when Defendant Torbali abruptly turned left onto Tram Road.  Defendant Torbali failed to yield the right of way and collided with Plaintiff.

14. In the aftermath of the collision, Defendant Torbali did not stop his vehicle and instead fled the scene. Defendant Torbali was followed by two eye witnesses after the wreck, one of which obtained a photograph of the license plate on Torbali's low boy trailer and alerted authorities that Defendant Torbali had run a red light, hit Plaintiff, and driven off.

15. Upon information and belief, Defendant Torbali was employed by Hakay Transport, LLC, a Federal Motor Carrier operating under USDOT No. 2891072 and MC No. 971025.

16. Defendant Hakay Transport, LLC was assigned the authority to transport the Camero from Utah to Texas pursuant to an agreement entered into with C&C Car-Go Plus and/or AAA Car Go Plus (hereinafter "Car-Go Defendants").

17. Pursuant to their agreement, Defendant Torbali was the driver assigned to the job by the Car-Go Defendants.

18. The agreement set for the terms of the assignment and authority of Hakay Transport LLC (hereinafter "Hakay Transport") for the job, including the dispatch date, date of pickup, date of delivery, payment to be made to Hakay Transport on delivery, payment to be made to the Car-Go Defendants on delivery, and certification of insurance by Hakay Transport.

19. Upon information and belief, Defendant Torbali picked up the vehicle on January 21, 2022,

from American Fork, Utah and was in route to deliver the vehicle to Vidor, Texas on January 24, 2022, at the time he ran a red light and crashed into Plaintiff.

20. Upon information and belief, the delivery was completed after Defendant Torbali crashed into Plaintiff and fled the scene.

21. Plaintiff sustained serious bodily injuries as a result of the hit and run collision.

22. At all relevant times, each Defendant was an employee, borrowed employee, and/or agent of the other Defendants for purposes of providing vehicle delivery services. In committing the acts alleged herein, Defendants acted within the scope of their employment and/or agency and were acting with the consent, permission, authorization and knowledge of the other respective Defendants.

## VII. CAUSES OF ACTION

23. Plaintiff hereby adopts, incorporates, restates and re-alleges the proceeding paragraphs with regard to all causes of action.

24. The collision was caused by one or more negligent acts and/or omissions on the part of Defendants. The negligent acts were the proximate cause of Plaintiff's serious and debilitating personal injuries.

25. The collision and all damages and injuries resulting therefrom were not caused by or contributed to by Plaintiff or an innocent third party; nor did same occur through any fault or negligence on the part of Plaintiff, but were caused solely by the acts, wrongs, and/or omissions of the Defendant, which said acts, wrongs, and/or omissions were the proximate cause of the injuries and damages sustained by Plaintiff.

### A. *Negligence*

26. Plaintiff hereby adopts, incorporates, restates and re-alleges the proceeding paragraphs.

27. Defendant Torbali is liable for Plaintiff's injuries and damages because of numerous negligent acts and omissions by Defendant Torbali; including, but not limited to the following:

   a. In failing to yield the right of way;

   b. In failing to observe traffic control signals and running a red light;

   c. In failing to operate a motor vehicle at a speed that was reasonable and prudent under the conditions and with regard to the actual and potential hazards then existing;

   d. In failing to maintain a safe distance between the motor vehicle he was operating and Plaintiff's vehicle;

   e. In failing to maintain a proper lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

   f. In failing to stay alert;

   g. In failing to properly and timely apply the brakes;

   h. In failing to turn, swerve, or otherwise maneuver the vehicle in order to avoid the collision made the basis of this suit;

   i. In engaging in the use of a mobile phone while operating a vehicle;

   j. In failing to drive in a single lane;

   k. In failing to maintain proper control of his vehicle;

   l. In failing to stop and render aid;

   m. Negligence per se in violation of Texas Transportation Code § 544.007 and

   n. Various other acts of negligence and negligence per se to be specified at the time of trial.

28. Each of these acts and omissions, singularly, or in combination with others, constitutes negligence, which proximately caused the occurrence made the basis of this action and the Plaintiff's injuries and damages.

### B. *Respondeat Superior*

29. Plaintiff hereby adopts, incorporates, restates and re-alleges the proceeding paragraphs.

30. At all times relevant, each Defendant Torbali was an employee, borrowed employee, and/or

agent of Hakay Transport, LLC and the Car-Go Defendants and was acting with the scope of his employment and/or agency with the consent, permission, authorization and knowledge of the other Defendants.

31.     Upon information and belief, at all material times, Hakay Transport and the Car-Go Defendants exercised control over Torbali's work and the means, method and manner of such work.

32.     Upon information and belief, Defendant Torbali was an employee and/or agent of Defendant Hakay Transport, LLC and was in the course of scope of his employment with Defendant Hakay Transport at the time of the collision.  Hakay Transport entrusted Defendant Torbali with a tractor and/ trailer for hauling activities.  Defendant Hakay Transport is liable for the negligence of Defendant Torbali.

33.     Upon information and belief, Defendant Torbali was a borrowed employee and/or agent of the Car-Go Defendants, and was in the course and scope of such employment and agency at the time of the collision.  Upon information and belief, the Car-Go Defendants exercised sufficient control over Defendant Torbali, Defendant Hakay Transport, and their operations, such that Torbali and Hakay Transport were acting as agents of the Car-Go Defendants.  The Car-Go Defendants are also liable under principles of various liability.

## VIII. DAMAGES

34.     Plaintiff hereby adopts, incorporates, restates and re-alleges the proceeding paragraphs.

35.     As a result of injuries and damages sustained by Plaintiff at the hands of the Defendants, Plaintiff hereby sues for the following items of damage:

    a.     Physical pain and suffering in the past;

    b.     Physical pain and suffering the Plaintiff will experience in the future;

     c.     Mental anguish suffered in the past;

     d.     Mental anguish the Plaintiff will experience in the future;

     e.     Medical expenses incurred in the past;

     f.     Medical expenses the Plaintiff will incur in the future;

     g.     Physical impairment suffered in the past;

     h.     Physical impairment the Plaintiff will suffer in the future; and

     k.     Loss of quality of life.

## IX. PREJUDGMENT, POST JUDGMENT INTEREST, AND COURT COSTS

36. Plaintiff hereby adopts, incorporates, restates and re-alleges the proceeding paragraphs.

37. Plaintiff seeks to recover the maximum amount of prejudgment and post judgment interest allowed by law.

38. Plaintiff seeks to recover his Court Costs.

## X. RELIEF REQUESTED

39. The preceding factual statements and allegations are incorporated by reference.

40. For these reasons, Plaintiff prays for judgment against Defendants for the following:

     a.     Actual damages;

     b.     Pre-judgment and post-judgment interest;

     c.     Attorney's fees and expenses;

     d.     Costs of Court; and

     f.     Such other and further relief as the Court deems just and equitable.

## XI. JURY DEMAND

41. Plaintiff respectfully demands trial by jury and has tendered the appropriate fee for the same.

## XII. PRAYER

WHEREFORE, Plaintiff respectfully request Defendants to be cited to appear and answer herein, and that upon final trial hereof, the Court award the relief request against Defendants.

Respectfully submitted,

THE BERNSEN LAW FIRM

/s/ *Cade Bernsen*
David E. Bernsen
State Bar No. 02217500
dbernsen@bernsenlaw.com
Cade Bernsen
State Bar No. 24073918
cbernsen@bernsenlaw.com
Jamie Matuska
State Bar No. 24051-62
jmatuska@bernsenlaw.com
420 MLK Jr. Parkway
Beaumont, Texas 77701
(409) 212-9994
(409) 212-9411 facsimile

ATTORNEYS FOR PLAINTIFFS